# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MARK E. BUSSELL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 10-CV-509-FHM

## OPINION AND ORDER

Plaintiff, Mark E. Bussell, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held December 15, 2008. By decision dated April 29, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 9, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 18 years old at the time of alleged onset of disability and 24 at the time of the ALJ's decision. He has a high school education and no former work. He claims to have been unable to work since June 30, 2003, as a result of Asperger's Disorder and depression. The ALJ determined that prior to attaining the age of 22, Plaintiff had the residual functional capacity (RFC) to perform simple, repetitive tasks with no more than incidental contact with the public. [Dkt. 14-2, p. 11]. Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in rejecting the opinion of the treating physician.

2

## Analysis

Deanna S. Storts, MD. completed a Mental Medical Source Statement in which she expressed her opinion of Plaintiff's ability to carry out various work-related tasks. [Dkt. 14-6, pp. 98-101]. She found that Plaintiff had severe limitations in several areas, including: the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes; and the ability to respond appropriately to changes in the work setting. *Id*. In the narrative portion of the form, Dr. Storts stated that Plaintiff is intelligent, but unable to function adequately in social settings. He has trouble interacting with others and becomes very anxious. *Id.* at 101. During the hearing the vocational expert testified that with the number and type of limitations Dr. Storts found in the severe and marked limitation categories, Plaintiff would not be able to perform regular competitive work. [Dkt. 14-2, pp. 39-40].

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ gave "little weight" to Dr. Storts' opinion, as follows:

> [T]he doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant. Dr. Storts was of the opinion the claimant would not be able to work; however there is no testing from this physician, or

3

> interviews conducted by her or to which she referred that would substantiate her opinion. In addition, the opinion by Dr. Stort [sic] is in direct contrast to her own office notes regarding the claimant's mental health treatment (Exhibits 11F and 13F). The opinion of Dr. Stort [sic] is contradicted by the findings of the consultative mental evaluation and the opinion of the DDS experts.

[Dkt. 14-2, p. 15]. Plaintiff argues that the ALJ did not supply specific legitimate reasons to discount Dr. Storts' opinion. According to Plaintiff, the ALJ simply stated that Dr. Storts' opinion is contradicted by the consultative examiner and the DDS experts without citing to specific evidence.

The court finds that the record supports the ALJ's statement of reasons for according Dr. Storts' opinion little weight. In addition, the court finds that contrary to Plaintiff's assertion, the ALJ did not substitute his own assessment regarding Plaintiff's mental impairment for uncontroverted medical opinions. Rather, the ALJ made a reasonable choice between conflicting opinions and appropriately specified the reasons for making that choice.

The ALJ accurately stated that Dr. Storts relied heavily on Plaintiff's own reports of symptoms and limitations and that there was no testing conducted by Dr. Storts. The record reflects that when Plaintiff visited Dr. Storts, she documented Plaintiffs' statements describing how he had been doing and how he had been occupying his time in what was typically a three month interval since the last visit. The record does not indicate that Dr. Storts conducted any psychological testing. [Dkt. 14-6, pp. 37-64].

The ALJ also stated that Dr. Storts' opinion was in contrast to her office notes. Plaintiff asserts that the ALJ failed to specify how Dr. Storts' opinion contrasts with her records. However, in the decision the ALJ accurately outlined the outpatient records from

4

Indian Health Care which were generated by Dr. Storts, and which indicated Plaintiff's mood was improved and stable on medication. [Dkt. 14-2, p. 13].

In rejecting Dr. Storts' opinion, the ALJ stated the opinion was contradicted by the findings of the consultative mental evaluation and the opinion of the DDS experts. [Dkt. 14-2, p. 15]. Plaintiff argues the ALJ also failed to specify those contradictions. Although the information did not appear in the same paragraph, the ALJ noted the DDS medical consultant's March 22, 2007, opinion that "claimant could perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, unable to relate to the general public and could adapt to a work situation." [Dkt. 14-2, p. 14]. There is no room for doubt as to what the ALJ meant in reference to the DDS experts, and the court finds those experts support the ALJ's decision.

Concerning the mental consultative examination, the ALJ noted the examiner's conclusions that Plaintiff has difficulty with people and is uncomfortable in groups, that he appeared to be fairly independent, and has some difficulty entering the public. [Dkt. 14-2, p. 13; 14-6, p. 66]. The consultative examiner thus noted Plaintiff's difficulties but did not find them so severe that he rendered an opinion that Plaintiff was incapable of working.

The court finds that the ALJ's decision is supported by substantial evidence. The decision also demonstrates that the ALJ adhered to the correct legal standards. Although the ALJ's discussion could have been more thorough or better organized, the ALJ's conclusions are not beyond meaningful review. That is: the court is not required to speculate as to what specific evidence lead the ALJ to his conclusion because that information is clearly contained in the ALJ's discussion of the evidence.

5

**Conclusion**

The Commissioner's decision is AFFIRMED.

SO ORDERED this 14th day of June, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE